**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco SANCHEZ, Defendant–
Appellant.**

**No. 01–50171.
D.C. No. CR–00–03109–JNK.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2002.*

Decided April 16, 2002.

Before PREGERSON, FISHER, and
TALLMAN, Circuit Judges.

MEMORANDUM**

Defendant–Appellant Francisco San-
chez, Jr. ("Sanchez") appeals his conviction
and ten-month sentence for knowing or
intentional possession of, with intent to
distribute, a controlled substance under 21
U.S.C. § 841(a)(1), and for knowing or in-
tentional importation of a controlled sub-
stance under 21 U.S.C. §§ 952(a) and
960(a)(1). Because the facts are known to
the parties, we do not repeat them here
except as necessary to explain our deci-
sion. We have jurisdiction under 28
U.S.C. § 1291 and AFFIRM.

Sanchez first argues that the District
Court erred when it denied his motion to
suppress evidence of nineteen kilograms of
marijuana seized at the border as the fruit
of an illegal arrest without probable cause.
Under *United States v. Doe*, 219 F.3d
1009, 1014 (9th Cir.2000), however, a sus-
pect is not in "custody" merely because he
is, like Sanchez, detained and patted down
at the border while his car is being
searched. Therefore, Sanchez's detention
at the border did not constitute an arrest
and no probable cause was needed for that
detention.

Sanchez next argues that §§ 841 and
960 are facially unconstitutional under *Ap-
prendi v. New Jersey*, 530 U.S. 466, 120
S.Ct. 2348, 147 L.Ed.2d 435 (2000). We
have recently rejected this argument in
our decisions in *United States v. Buck-
land*, 277 F.3d 1173 (9th Cir.2002) (en
banc), and *United States v. Mendoza–Paz*,
—— F.3d ——, No. 00–50029, 2002 WL
531153 (9th Cir. Apr. 10, 2002).

Sanchez further argues that under *Ap-
prendi*, the government had to prove drug
type and drug quantity to the jury beyond
a reasonable doubt. Sanchez pled guilty
to violations of both § 960 and § 841(a)(1).
The lowest statutory maximum that he
possibly could have faced pursuant to
§ 960 was 5 years in prison. *See* 21
U.S.C. § 960(b)(4). Because the District
Court never exposed him to any sentence
greater than 5 years, Sanchez's sentence
does not implicate *Apprendi*. For the
same reason, the government also did not
have to prove *knowledge* of drug type and
drug quantity to the jury beyond a reason-
able doubt under these circumstances.
Even if this were required, Sanchez's sen-
tence was 10 months—well below 5

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

years—and thus any *Apprendi* error would be harmless.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.